No. 3496.

(Court of Appeal, Parish of Orleans.)

CHARLES H. ADAMS, vs. JEFFERSON SAW MILL·CO. LTD.

Questions of fact only are involved in this case.

Appeal from Civil District Court Division B.

Pierre Crabites, Plaintiff and Appellant.

Hewis T. Gurley, Defendant and Appellee.

BEAUREGARD, J. Charles H. Adams, the owner of a piece of property described in the pleadings, fronting on the Mississippi River, crossed about midway by the public levee and adjoining the Jefferson Saw Mill, by written contract leased the same to the latter for 2 years from the 1st of March 1901 to February 28th 1903 at the rate of $25. per month with an additional privilege of 90 days from expiration of the lease to the Lessee for removal of whatever belonged to him on the leased premises.

At its expiration, the lease was not renewed, the three months privilege was taken advantage of by the Lessee and that period of time paid for.

The Lessor now charging that for two months additional: June and July 1903, the Lessee had continued in the possession of his (the Lessor's) property; had failed to restore and to deliver it in the condition in which he had received it; had used for his benefit some of the sand on the property; had torn down its fences, brings this suit to recover $298.65 thus itemized:

For occupancy for the two months referred to at $125 per month......................................................... $250 00
    For rebuilding fences torn down by Lessee.......... 20.65
    For the taking of 56 cubic yards of sand........... 28 00

From the judgment of the Court in Plaintiff's favor for $36.25 which appellee concedes should be affirmed, the Lessor appeals, on the ground that the amount allowed is glaringly inadequate.

Although counsel all agree that this case involves but questions of fact, yet no written opinion of the trial judge, who saw and heard the witnesses, is extant to guide to the conclusion reached by him; so we are left to the appreciation of the evidence.

Examination of the record shows that the Lessee for June and July still occupied his Lessor's property and was never at any time, during these months, ready to deliver same in the condition in which

·289

he had received it and which condition was insisted on by the plaintiff herein.

The lessee had upon the property what he called trash scattered here and there, consisting in sticks (to be put between and separate the lumber) and lumber coverings; wooden slabs along the river front, and which he asserts could not have been removed owing to the high stage of the river, but were finally removed only in July. And he asserts further that, at that time, no one could have made use of that property.

This was not a matter which concerned the Lessee. He knew that he would not renew his lease. He had had a privilege of ninety days to clear the property and had failed to do so. The means he was to adopt to reach this end was of no concern to the Lessor whose act of lease did not provide for any force majeur in the interest of his Lessee. The same monthly rent should be paid for these two months. It is true that evidence was adduced to show the appreciation in value of this property from about $8000. when it was bought to, a supposed, value of $15000. This is hypothetical and cannot be considered.

With respect to the sand taken by the Lessee, it was for the purpose of filling a gap in the public levee which had been cut for the use and benefit of the Defendant's wagons and access to the front part of the property. By Engineer Lombard's affidavit, who knew the locality and the gap, 25 cubic yards of this sand were required he says for this gap. One and a half yards (and it is not disputed) goes to the cart load which was then selling at 25 cents a load, plaintiff should recover the value of the sand to wit: $4.15.

The charge of $20.65 for the fence cannot be allowed. Defendant testifies that when he took possession of the property, it was partially surrounded by a "board tight fence" which was rotten and dilapidated and so beyond repair that it could have been "kicked over", that what remained of it was torn down as useless.

This is not positively contradicted by the plaintiff who now seeks to have his Lessee pay for a fence surrounding the whole of this property.

The act of lease besides is silent as to any obligation resting on the Lessee to repair or maintain any fence on the said premises which he had leased merely for the purpose of storing or piling lumber.

It is therefore ordered and decreed that the judgment appealed from be increased from $36.25 to $54.15 fifty four 15-100 dollars. And as thus amended the same is affirmed. Costs in both Courts to be paid by Appellee.